## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

_____

**NO. 5:16-bk-03321-MJC**

**IN RE:**

**GREGORY ALAN VANNATTA,**
                    **Debtor**

**CHAPTER 13**

_____

**GREGORY ALAN VANNATTA, Movant**

     **v.**

**FIDELITY NATIONAL TITLE INSURANCE
COMPANY, Respondent**

_____

### ORDER

AND NOW, this _____ day of _____, 2022, upon

consideration of the above-captioned Movant and Respondent's Stipulation in the instant case, IT IS

HEREBY ORDERED that the Stipulation is APPROVED.


BY THE COURT:


_____
                                  **B.J.**

cc:    All Counsel of Record
        Debtor
        Chapter 13 Trustee
        Office of the US Trustee
        Clerk's Office

## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

_____

**NO. 5:16-bk-03321-MJC**

**IN RE:**

**GREGORY ALAN VANNATTA,**
Debtor

**CHAPTER 13**

_____

**GREGORY ALAN VANNATTA, Movant**

**v.**

**FIDELITY NATIONAL TITLE INSURANCE COMPANY, Respondent**

_____

## STIPULATION

NOW COME the above-captioned Movant, Gregory Alan Vannatta, and Respondent, Fidelity National Title Insurance Company, by and through their duly authorized and undersigned counsel, and stipulate as follows in resolution of Movant's Motion to Avoid Respondent's Judgment Lien ("the Motion") filed in Wayne County Court of Common Pleas Action No. 2016-45334 (the "Wayne Action"):

1. While the Motion requests the avoidance of a judgment lien, the Wayne County Prothonotary rejected a Praecipe to Satisfy said judgment on the basis that the docket has not been reduced to judgment.

2. Despite the fact that there is no judgment lien in the Wayne Action, a judgment against Movant was still transferred to the Court of Common Pleas of Pike County, PA and

docketed therein to No. 45334-CV-2016, where judgment was, in fact, entered against Movant (the "Pike Judgment").

3. As such, the parties agree that Respondent shall: (a) mark the Pike Judgment satisfied as against Movant only, but not against any other party; and (b) mark the Wayne Action discontinued and ended as against Movant only, but not as against any other party.

4. To the extent there is any judgment lien in favor of Respondent and against Movant in the Wayne Action, the parties agree that any such lien is avoided pursuant to 11 U.S.C. sec. 522 (f).

5. Movant is hereby granted limited relief from the automatic stay solely to the extent necessary to accomplish the provisions of this Stipulation.

6. Nothing contained in this Stipulation shall affect, nor be construed to affect, the continued pendency and validity of any lien(s) arising in Wayne or Pike Counties as against any party(ies) other than Movant.

7. Movant and Respondent request the Court to approve this Stipulation.

8. This Stipulation may be executed in counterparts by either original or duplicate facsimile or electronic signatures, but only all such executed counterparts, taken together, shall constitute the entire Stipulation.

Respectfully submitted,

_/s/ Patrick J. Best_____
PATRICK J. BEST, ESQUIRE
Counsel for Movant

_/s/ Brian H. Smith_____
BRIAN H. SMITH, ESQUIRE
Counsel for Respondent